

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Lee Brady, Commissioner,
Department of Banking
Austin, Texas

Dear Mr. Brady:

Opinion No. O-2484
Re: Whether or not the Mid-Continent Bancshares, Inc., a foreign corporation, organized as a holding company, with respect to Morris Plan Bank shares is lawfully doing business in Texas, where it has acquired such shares in a Texas Morris Plan Bank, without having taken out a permit to do business in Texas, and related questions.

We beg to acknowledge receipt of your letter of June 26, 1940, requesting our opinion upon the above-captioned matter, which letter is as follows, to-wit:

"The Morris Plan Bank of Fort Worth, Fort Worth, Texas, is a corporation organized under Chapter 9 of the Texas Banking Act, and has recently adopted the powers provided for under S. B. No. 288 authorizing it to accept time deposits.

"After having adopted these powers, the bank applied to the Federal Deposit Insurance Corporation for insurance of its deposits. This application was accompanied by copies of the charter papers, etc., which reflected the fact that the corporation has a capital stock of $100,000.00, of which $92,600.00 is owned by Mid-Continent Bancshares, Inc. of Wilmington, Delaware, a foreign corporation, which, so far as we can ascertain, has no permit to do business in this State.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Lee Brady - Page 2

"At the request of the FDIC we respectfully submit the following questions:

"1. Is the Mid-Continent Bancshares,
Inc. a foreign corporation, lawfully doing
business in the State of Texas?

"2. Are the Mid-Continent Bancshares,
Inc. and the Morris Plan Bank of Fort Worth,
or either or both, exercising banking privileges in violation of the privileges of Section 16, Article 16 of the Texas Constitution, or in violation of any other law of the
State of Texas?

"In the light of the facts set out above,
is the Fort Worth Morris Plan Bank lawfully
entitled to exercise banking privileges as
provided for under Chapter 9 of the Banking
Act including S. B. No. 268?"

The Morris Plan Bank of Fort Worth is a regularly
organized Morris Plan Bank under Chapter 9 of the Revised
Civil Statutes of Texas. The Bank has been doing business
for several years. It has complied with the requirements
of Senate Bill No. 268, passed at the regular session of
the 46th Legislature (1939) and is now regularly authorized to do the things specified in such amendment, to-wit:

"To receive money on time deposit, and
to purchase, sell, discount, or negotiate
bonds, notes, certificates of investment and
choses in action for the payment of money at
a time either fixed or uncertain, and to receive payments therefor in installments or
otherwise, with or without an allowance of
interest upon such installments."

The Bank has applied for insurance under the
Federal Deposit Insurance Corporation Act, and the Corporation has raised the questions which you have submitted to us.

Mid-Continent Bancshares, Inc. is a private corporation, organized under the laws of the State of Delaware,

whose corporate purpose is as follows:

> "To promote, organize, own, negotiate for, acquire and/or dispose of the industrial banks, industrial loan companies, investment companies and corporations organized for the purpose of acquiring shares of stock in such banks and/or companies, and ordinarily referred to as holding companies, and/or shares of stock or interests in the same. To do any and all things necessary, incident to, or which may be deemed advisable in connection with promoting, acquiring, owning or disposing of industrial banks, industrial loan companies, investment companies and shares of stock or interests therein, provided, however, that nothing contained in this certificate shall be deemed to give the corporation the power to engage in the business of banking."

The corporate purposes are much larger than those above specified, but what we have said is sufficient for the purposes of this opinion.

The Constitution (Article XVI, Section 16, as amended in 1937) with respect to bodies with banking and discounting privileges provides:

> "The Legislature shall by general laws, authorize the incorporation of corporate bodies with banking and discounting privileges, and shall provide for a system of State supervision, regulation and control of such bodies which will adequately protect and secure the depositors and creditors thereof.

> "No such corporate body shall be chartered until all of the authorized capital stock has been subscribed and paid for in full in cash. Such body corporate shall not be authorized to engage in business at more than one place which shall be designated in its charter.

> "No foreign corporation, other than the national banks of the United States, shall be

permitted to exercise banking or discounting privileges in this State."

The capital stock of the Morris Plan Bank of Fort Worth is $100,000.00, all paid, of which $92,600.00 is owned and held by the Mid-Continent Bancshares, Inc., which corporation, as above stated, is a foreign corporation, and which has no permit to do business in this State.

Uninfluenced by the fact that Mid-Continent Bancshares, Inc. owns the controlling interest in the shares of the Morris Plan Bank of Fort Worth, there is no doubt that the Bank is lawfully authorized to transact the business for which it was incorporated, including the added powers contained in the amendment of 1939.

We are further of the opinion the situation is not changed by reason of the fact that the Mid-Continent does own the controlling interest in the shares of the Texas bank.

In Moroney vs. Moroney, 286 S. W. 167, it is said:

"It is well settled that a shareholder in a corporation is in no sense the legal owner of the property of the corporation. The corporation is a legal entity, and the title to its assets is vested in the corporation. The stockholder does own, however, his shares, stock, or interest whatsoever in the corporation, and this carries with it certain legal rights, but they are not the rights of a legal owner of the corporation's assets in whole or in part. This distinction holds good even though all the stock may be held by a single individual."

Upon this principle it is the general, if not the universal doctrine, that the mere fact that a foreign corporation holds stock in a domestic corporation does not of itself constitute doing business by the foreign corporation in the State of the domestic corporation, even though such ownership is the controlling interest in the stock of the domestic corporation. See 17 Fletcher's Cyc. Corporation Law, Sec. 8490; 20 C. J. Sec. "Corporations", Sec. 1841; 12 R. C. L. P. S. "Corporations"

Sec. 54; 23 Am. Jur. "Corporations", Sec. 374.

This distinction, however, must be noted. If the foreign corporation owning stock in the domestic corporation acquires or holds such stock as a part of and in accordance with its corporate purpose -- that is, as a holding company -- the foreign corporation is then doing business in the State of the domestic corporation. See Bankers Holding Corp. vs. Maybury, 297 P. 740; 17 Fletcher's Cyc. of Corporation Law, Sec. 8, 490; 14 A. Corpus Juris, Sec. 1841; 20 C. J. Sec. "Corporations" Sec. 1841; 12 R. C. L. P. S. "Corporations" Sec. 54; 23 Am. Jur. "Corporations", Sec. 374.

In the situation last stated the doing of business by the foreign corporation in the state other than that of its domicile is not the doing of the business of the domestic corporation, but it is the doing of its own business. Concretely stated, the situation is this: The Mid-Continent Bancshares, Inc. is doing business -- that is, carrying on its corporate business -- in Texas when it acquires and holds the capital stock, or any part thereof, of the Morris Plan Bank of Fort Worth, but such business is that of holding stock, and not that of conducting a banking business. In truth, the Mid-Continent's charter expressly denies to it the right to carry on a banking business.

We have an express statute in this State—sometimes referred to as the Standard-Humble Act -- which reads as follows:

"When any foreign corporation without a permit to do business in this State lawfully owns or may lawfully own or acquire stock in Texas corporations, it shall not be unlawful for such foreign corporation to vote that stock and participate in the management and control of the business and affairs of such Texas corporation, as other stockholders, subject to all laws, rules and regulations governing Texas corporations, and especially subject to the provisions of the anti-trust laws of the State of Texas." -- Rev. Civ. Stat. (Vernon's codification) Article 5333a.

We express no opinion as to the effect of this statute other than in respect to the right of such foreign corporation to vote such stock and otherwise participate in the management of the affairs of the domestic corporation as any other shareholder.

Applying these principles, and upon these considerations, we respectfully answer your questions as follows:

1. We express no opinion as to whether or not the Mid-Continent Bancshares, Inc. is lawfully doing business in the State of Texas. We do hold, however, that its activities, as disclosed by you, do not affect the status or rights of the Morris Plan Bank of Fort Worth as a Texas corporation to carry on its corporate purposes and affairs.

2. This question should be answered in the negative as to both institutions -- the Mid-Continent Bancshares, Inc., and the Morris Plan Bank of Fort Worth. In this connection it is pertinent to say the incorporation of the Morris Plan Bank of Fort Worth should not be considered a subterfuge or scheme for the carrying on of the Mid-Continent Bancshares, Inc. business, for the business of the two corporations -- that is, the corporate purpose -- is not the same. The corporate business of the Morris Plan Bank is that of a banking corporation; whereas, the corporate business of the Mid-Continent (insofar as pertinent here) is that of a holding corporation.

Trusting that what we have written will have answered your questions satisfactorily, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED JUL 1, 1940

ATTORNEY GENERAL OF TEXAS

APPROV
OPINIO
COMMITT
BY
CHAIRMA